UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MICHAL JANKOWSKI,

Petitioner,

v.

ROBERT MUNDT, Warden,

Respondent.

Civil No. 00-2763 (JRT/FLN)

**REPORT AND RECOMMENDATION**

**THIS MATTER** is before the undersigned United States Magistrate Judge on Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2241. (Docket No. 1.) Respondent has filed a return contending that the Petition should be dismissed. (Docket No. 8.) The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). The Petitioner appears *pro-se* and the Respondent appears by John R. Marti, Assistant United States Attorney. For the reasons discussed below, it is recommended that the Petition for Writ of Habeas Corpus be **TRANSFERRED** to the U.S. District Court for the Eastern District of Missouri.[1]

[1] Given our recommendation in this matter, we may address the Plaintiff's remaining Motion summarily. As to the Petitioner's Motion for Appointment of Counsel, "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Edgington v. Missouri Department of Correc-tions, 52 F.3d 777, 780 (8th Cir. 1995); see also, Rayes v. Johnson, 969 F.2d 700, 702 (8th Cir. 1992), cert. denied, 506 U.S. 1021 (1992). Indeed, it is well-settled that this Court has no authority to compel legal counsel to assume the representation of the Plaintiff, but merely has the discretionary authority to request an attorney to assume such representation. See Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296 (1989); Scott v. Tyson Foods, Inc., 943 F.2d 17 (8th Cir. 1991). However, in exercising our discretionary authority, we must carefully weigh the factual and legal complexities of the case; the capability of the Plaintiff to investigate the facts and to present his claims; and the existence of conflicting evidence. See Williams v. Carter, 10 F.3d 563 (8th Cir. 1993); Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991), cert. denied, 504 S.Ct. 930 (1992); Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990);

JUL 1 6 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. BACKGROUND

Petitioner is an inmate at the Federal Correctional Institute ("FCI") in Waseca, Minnesota, serving a 37-month federal prison sentence imposed by the United States District Court for the Eastern District of Missouri following conviction for violating 18 U.S.C. § 2113. (See Pet'r's Pet. for Writ of Habeas Corpus ("Pet."), Docket No. 1, at 2.) He was also ordered to pay restitution in the amount of $84, 634, remitted in monthly payments of $200, due by the fifth day of each month. (Resp't's Resp. to Pet'r's Habeas Petition at 2 ("Resp't's Resp. at 2").)

Shortly after Petitioner's arrival at FCI, his Case Manager met with him to help develop a financial plan for payment of his court-ordered restitution.[2] (Id. at 4.) He told his Case Manager that the sentencing court deferred his restitution payments until his term of supervised release began. (Id.) On June 21, 1999, Petitioner's Case Manager wrote to the United States Attorney for the Eastern District of Missouri requesting clarification on the start date for restitution payments. (Id.)

---

In re Lane, 801 F.2d 1040, 1043-44 (8th Cir. 1986); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

We find the issues in this case to be uncomplicated both in their legal and factual components. Undoubtedly, the Plaintiff's lack of legal knowledge presents some disadvantage, but we are without any showing that prison authorities have failed to provide the Plaintiff with "adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 827-28 (1977); Stanley v. Lockhart, 941 F.2d 707, 710 (8th Cir. 1991). Most importantly, our review of the Plaintiff's written submissions satisfies us that he is adept at researching and articulating the merits of his claims. Accordingly, Plaintiff's Motion for Appointment of Counsel (Docket No. 11) is **DENIED**.

[2] The Inmate Financial Responsibility Program ("IFRP") was established to help inmates meet their financial obligations, including court-ordered fines and restitution. See § 28 C.F.R. 545.11(a). An inmate refusing to participate in the program would be ineligible for certain privileges such as preferred housing assignment, pay rates and job assignments, among others. See § 28 C.F.R. 545.11(d).

On June 28, 1999, the Case Manager was informed that the restitution installment payments were to commence immediately. (Id.) Upon receiving this information, Jankowski terminated his participation in the Inmate Financial Responsibility Program ("IFRP") and was consequently placed on IFRP refusal status. (Id. at 5.) Sometime in September 2000, Petitioner finally agreed to participate in the IFRP, wherein he agreed to pay the quarterly minimum of $25. (Resp't's Resp. at 5.) However, the Bureau of Prison Staff subsequently determined that the IFRP contract should be consistent with the court-ordered restitution plan. (Id.) Petitioner refused to amend his IFRP contract to reflect the court-ordered restitution plan and was placed on IFRP refusal status on October 12, 2000. Respondent concedes that Petitioner has exhausted all available administrative remedies. (Id.)

It is clear that Petitioner is attempting to vacate the restitution portion of his Judgment and Commitment Order in his current petition for habeas corpus relief brought under 28 U.S.C. § 2241. (See Pet'r's Mem. in Supp. of Pet. For Writ of Habeas Corpus Pet. at 2. ("Pet'r's Supp. Mem").)

## II. DISCUSSION

It is well-settled that a federal prisoner normally can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available

to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "is inadequate or ineffective to test the legality of . . . [his] detention." DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986); see also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983).

As previously noted, the instant Petitioner is clearly seeking to vacate the restitution portion of his Judgment and Commitment Order and is therefore asserting a collateral challenge to his sentence. See Alevras v. Snyder, 205 F.3d 1344 (8th Cir. 1999). This Court rejects Petitioner's contention that he is merely challenging the execution of his sentence. His petition is therefore subject to § 2255's exclusive remedy rule. Petitioner has not demonstrated that the remedy provided by § 2255 is inadequate or ineffective for the claims he is seeking to raise, and he is therefore barred from raising those claims in a petition brought under § 2241. Habeas corpus relief is simply not available (under § 2241 or otherwise) for Petitioner's current claims.

Although the current petition could properly be dismissed (without prejudice) for lack of jurisdiction, see Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966); Swain v. Pressley, 430 U.S. 372, 378 (noting that a § 2255 petition must be filed in the sentencing Court), the Court concludes that the interests of justice would be better served by transferring this case to the only district that could properly entertain a collateral challenge to Petitioner's sentence -- namely the Eastern District of Missouri, the court in which he was convicted and sentenced. See 28 U.S.C. §§ 1406(a) and 1631.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Clerk of Court be directed to immediately **TRANSFER** this action to the U.S. District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. §§ 1406(a) and 1631.

Dated: July 10, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500